# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE RONALD A. POLK,

    Petitioner,

Case No. 17-mc-50360

Honorable Denise Page Hood

_____/

## ORDER DENYING PETITION FOR LEAVE TO FILE COMPLAINT
## AND
## DISMISSING CASE

Ronald A. Polk seeks permission for leave to file a complaint pursuant to a court order dated January 23, 2006 entered by the Honorable David M. Lawson requiring Polk to first request leave to file another suit in this District. (See Case No. 05-10134) Polk's latest attempt to file a lawsuit before this District was in 2014. (See Case No. 14-13352) The Honorable Thomas L. Ludington in the 2014 case required Polk to submit the following before filing a new lawsuit:

> It is further **ORDERED** that before Plaintiff files a lawsuit in this Court, he must file: (1) a motion for permission to file the pleading; (2) an affidavit demonstrating that his allegations have merit and are not repetitious of previous complaints; and (3) a copy of the Court's final order on this matter. Prior to this Petition, Plaintiff had filed or has sought to file more than twenty complaints.

*Polk v. Montcalm County, et al.,* Case No. 14-13352, Doc. No. 7.  Plaintiff did file permission to file a pleading, but did not submit an affidavit nor a copy of Judge Ludington's order with his papers.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269.  A district court need only impose "a conventional prefiling review requirement." *Id.*  The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law.  See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).  A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing.  See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).  Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

A review of Polk's proposed Complaint shows that it is a frivolous suit and fails

2

to state a claim upon which relief can be granted. See *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987). Polk cites a violation of 42 U.S.C. § 1983 by the Defendants Warren Township, Warren Township Board and Warren Township Zoning Board. In the case before Judge Lawson, Polk made the same allegations against a different municipality that he is a farmer under the Michigan Right to Farm Act and that Defendants failed to provide him with the appropriate due process hearing. (See Case No. 05-10134, Doc. No. 4, Pg ID 42-44) As in that case, Polk in this case failed to allege any policy or custom of Warren Township which contributed to any alleged injuries. Municipalities are only liable if a plaintiff's injury was caused by an unconstitutional "policy" or custom" of the municipality. *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir. 1997).

Accordingly,

IT IS ORDERED that Ronald A. Polk's Request to Allow Him to File a New § 1983 Action/Petition for Leave to File Complaint **(Doc. No. 1, filed March 10, 2017)** is DENIED.

IT IS FURTHER ORDERED that the Application to Proceed Without Prepaying Fees or Costs **(Doc. No. 3, filed March 10, 2017)** is DENIED as MOOT.

IT IS FURTHER ORDERED that the Motion for Emergency Stay of any action by Warren Township **(Doc. No. 4, filed March 10, 2017)** is DENIED as MOOT.

IT IS FURTHER ORDERED that the Complaint (**Doc. No. 2, filed March 10, 2017**) and the Miscellaneous Case Number 17-mc-50360 are **DISMISSED** and **DESIGNATED CLOSED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager